UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| MICHAEL L. TAYLOR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-145-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LARRY MILLER, et al., | ) | **& ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff, Michael Taylor, filed a pro se civil rights complaint against five prison guards pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). R. 2. The relevant factual background is set forth in the Court's Order of March 15, 2010. R. 10.

Four of the defendants in this case have filed motions to dismiss and/or motions for summary judgment. Kevin Fallen filed a motion to dismiss. R. 23. Samuel Patrick and John Price filed a joint motion to dismiss or in the alternative for summary judgment. R. 29. And David Meek filed a motion to dismiss or in the alternative for summary judgment.[1] R. 31. The defendants argue that Taylor's claims are barred by the statute of limitations, his failure to exhaust administrative remedies, and qualified immunity. The defendants also argue that Taylor's complaint should be dismissed because he has already received all of the relief he sought in his administrative complaint. In response, Taylor filed a motion and supporting affidavit pursuant

---

[1] A fifth defendant, Larry Miller, was served by a U.S. Marshal on May 11, 2010. R. 39. He has not yet filed any responsive pleading or motion. This Order does not pertain to him.

to Rule 56(f) of the Federal Rules of Civil Procedure seeking a stay or a continuance to permit him to conduct discovery that he claims is necessary to oppose the defendants' motions. R. 36.

## DISCUSSION

First, a little housekeeping is in order. One defendant filed a motion to dismiss only, while the other three defendants filed motions to dismiss or in the alternative for summary judgment. Different standards apply to each kind of motion. When evaluating the defendants' motions to dismiss, the Court must "construe the complaint in a light most favorable to the plaintiff" and "accept all of the factual allegations as true." *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (internal citation omitted). A motion to dismiss tests the sufficiency of the plaintiff's complaint. A court will only grant a motion for summary judgment, in contrast, if the pleadings and other evidence in the record "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). The Federal Rules allow a party to oppose a motion for summary judgment by filing an affidavit demonstrating that he needs more time to conduct discovery and present facts justifying his position. *See* Fed. R. Civ. P. 56(f). Because the Court must evaluate the defendants' motions to dismiss and alternative motions for summary using different standards, the Court will first evaluate the defendants' motions to dismiss for failure to state a claim. The Court will then evaluate the alternative motions for summary judgment filed by defendants Patrick, Price, and Meek.

## I. The Defendants' Motions to Dismiss

The defendants' motions to dismiss for failure to state a claim will be denied. All of the defendants argue that the statute of limitations bars Taylor's claims. Defendants Patrick, Price, and Meek also argue that Taylor's claims are barred by his failure to exhaust administrative remedies, qualified immunity, and the fact that Taylor has already received the relief he sought in his administrative complaint. Construing Taylor's complaint in the light most favorable to him and taking all of his factual allegations as true, Taylor has not failed to state a claim on any of the grounds that the defendants raise.

First, Taylor's complaint establishes that he may have filed this action within the applicable limitations period. Kentucky's one-year statute of limitations for personal injury actions applies to Taylor's *Bivens* claims. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). The incident that forms of the basis of Taylor's complaint occurred on December 30, 2007. Taylor filed his complaint on December 7, 2009. The question, then, is whether the statute of limitations was tolled, and if so, for how long. Because federal law requires prisoners to exhaust administrative remedies before filing an action in district court, the statute of limitations is tolled while a prisoner is pursuing those remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). In his complaint, Taylor alleges that he tried to pursue administrative remedies but that interference from prison official stymied that process. In particular, Taylor claims that prison officials refused to provide him with necessary grievance forms, R. 2, Attach. 2 at 8, denied him assistance in filling-out the forms even though his hands were injured and he could not write, *id.* at 9, and intercepted paperwork destined for regional Bureau of Prisons ("BOP") officials, *id.* at

3

10. Taking these allegations as true, Taylor's complaint establishes that the statute of limitations could have been tolled for long enough so that this action was timely. Therefore, the defendants' motions to dismiss on the statute of limitations ground will be denied.

Taylor's complaint also establishes possible cause for his failure to exhaust administrative remedies. The defendants argue that Taylor's claim is barred because he failed to exhaust all administrative remedies as required by 42 U.S.C. § 1997e(a). Taylor's allegations of official interference with his attempts to fill-out and submit necessary paperwork may excuse his failure to exhaust administrative remedies. *See Engle v. United States*, 26 F. App'x 394, 396 (6th Cir. 2001) ("Although an intentional decision not to exhaust procedural remedies generally does not constitute cause, official interference making compliance impracticable will."); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("We believe that a remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy under § 1997e(a)."). Again, taking Taylor's allegations as true, Taylor's complaint establishes that his failure to exhaust administrative remedies may be excused. Therefore, the defendants' motions to dismiss on this ground will also be denied.

Defendants Patrick, Price, and Meek also argue that the Court should grant their motions to dismiss because qualified immunity shields them from liability. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). As the Sixth Circuit has said, to survive an assertion of qualified immunity at the pleading stage, the

4

"plaintiff must plead facts which, if true, describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known." *Dominique v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987). In other words, the Court's review of an assertion of qualified immunity "at this early stage of the case" is limited to "whether the complaint 'adequately alleges the commission of acts that violated clearly established law.'" *Back v. Hall*, 537 F.3d 552, 555-56 (6th Cir. 2008) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Taylor has alleged that defendants Patrick, Price, and Meek, in collaboration with defendants Miller and Fallen, drew Taylor out of his cell, restrained him, and then mercilessly and savagely attacked him. It is true that, in his complaint, Taylor admits that he was holding a knife. But, according to the complaint, defendant Fallen provided the knife to Taylor, and almost immediately thereafter, a group of officers including defendants Patrick, Price, and Meek swarmed into Taylor's cell and began the attack. *See* R. 10 at 1-5. Taking these allegations as true and construing them in Taylor's favor, as the court must, *see Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001), it seems that according to plaintiff's complaint defendants Patrick, Price, and Meek colluded with defendants Miller and Fallen to provide Taylor with the knife as pretext for assaulting him.

Do these facts, if true, "describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known[?]" *Dominique*, 831 F.2d at 676. In other words, would a reasonable prison guard have known that savagely attacking a prisoner violates that prisoner's clearly established constitutional

5

rights? To even ask the question is to answer it. In the Sixth Circuit "the law . . . is clear [that a] violation of the Eighth Amendment . . . will occur if the infliction of pain upon a prisoner is both unnecessary and wanton." *McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990) (citing *Parrish v. Johnson*, 800 F.2d 600, 604-06 (6th Cir. 1986)); *see also Al-Bari v. Guider*, No. 96-6707, 1998 WL 80173, *3 (6th Cir. 1998) ("[C]ase law . . . shows that it was clearly established in 1994 that the Constitution prohibits a guard from unnecessarily and wantonly inflicting pain on a prisoner."). Construed liberally in his favor, Taylor's complaint alleges that all of the defendants, including Patrick, Price, and Meek, colluded in an effort to savagely, unnecessarily, and wantonly attack him. A reasonable officer would have known that these actions violated Taylor's clearly established rights under the Eighth Amendment. Therefore, because Taylor's complaint "adequately alleges the commission of acts that violated clearly established law," *Back*, 537 F.3d at 555, the defendants' motions to dismiss will also be denied on qualified immunity grounds.

Finally, defendants Patrick, Price, and Meek also argue that the Court should dismiss Taylor's claims because he has already received the relief that he allegedly sought in his administrative complaint. The defendants suggest that all Taylor requested in his administrative grievance was to be placed in a medium security prison closer to Maryland, to have all his privileges restored, and to have his belongings returned to him. According to the defendants, Taylor has already received all that he sought, and therefore his complaint should be dismissed. The defendants cite no law for the proposition that, once an inmate receives all that he requested in his administrative complaint, he is foreclosed from seeking anything else in district court. The

6

defendants cite no law because their argument is not the law. As the Supreme Court recently held, "Congress has provided in § 1997e(a) that an inmate must exhaust *irrespective* of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (emphasis added). In other words, an inmate must exhaust administrative grievance procedures before he files an action in district court even if his district court action only seeks money damages and the administrative grievance procedures cannot provide him money damages. The corollary is also true—if the inmate has received the remedy he requested through prison administrative procedures, he is not foreclosed from seeking money damages in federal court. Therefore, the defendants' motions to dismiss or in the alternative for summary judgment on this ground lack merit.

For these reasons, all of the defendants' motions to dismiss for failure to state a claim will be denied.

II.    **The Defendants' Alternative Motions for Summary Judgment**

Defendants Patrick, Price, and Meek styled their motions as motions to dismiss or in the alternative for summary judgment. A court should grant a motion for summary judgment if the pleadings and the evidence show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Because a motion for summary judgment requires the court to consider the *evidence* that has been introduced in support of or in opposition to a claim, the Federal Rules contain a provision authorizing a court to hit the brakes and delay ruling on the motion if a party needs more time to gather evidence. Under Rule 56(f), if a party opposing a motion for summary judgment "shows

by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable . . . discovery to be undertaken; or (3) issue any other just order."

Taylor filed a Rule 56(f) affidavit, R. 36, Attach. 1, in which he states that he needs time to conduct discovery to oppose each of the grounds for summary judgment that the defendants raise in their motions. In particular, Taylor claims that he needs to conduct discovery to show that interference by prison officials prevented him from exhausting administrative grievance procedures in a timely manner. As previously discussed, these allegations of official interference, if substantiated through discovery, may excuse Taylor's failure to exhaust administrative remedies and may toll the statute of limitations so that Taylor's claim is timely. Taylor's Rule 56(f) affidavit also requests discovery of the BOP's internal affairs investigation into the attack on him, which Taylor claims will shed light on the conduct of defendants Patrick, Price, and Meek and prove that they are not entitled to qualified immunity. Because Taylor's complaint sufficiently alleges that defendants Patrick, Price, and Meek are not shielded from liability by qualified immunity, discovery that may enable Taylor to oppose their qualified immunity defense at the summary judgment stage is appropriate. *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

Taylor should receive a limited opportunity to conduct discovery in order to oppose the defendants' motions for summary judgment. Therefore, the defendants' motions for summary judgment will be denied without prejudice. The Court will refer this matter to Magistrate Judge Edward B. Atkins, who will supervise a limited period of discovery in which Taylor may seek

8

to discover evidence establishing that his failure to exhaust administrative remedies was excused, the statute of limitations was tolled, and the defendants are not entitled to qualified immunity. After Taylor has had a reasonable opportunity to conduct this discovery, as determined by Judge Atkins, the defendants may re-file their motions for summary judgment, and they may include any additional arguments or evidence that this period of discovery reveals.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The defendants' motions to dismiss, R. 23, 29, 31, are **DENIED**.

(2) The defendants' alternative motions for summary judgment, R. 29, 31, are **DENIED WITHOUT PREJUDICE**.

(3) Taylor's motion for a stay or continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, R. 36, is **GRANTED**.

(4) This case is hereby **REFERRED** to Magistrate Judge Edward B. Atkins, pursuant to 28 U.S.C. § 636(b), to supervise discovery into the matters that are addressed in this Memorandum Opinion and Order. In particular, Judge Atkins shall supervise discovery relating to Taylor's failure to exhaust administrative remedies, possible tolling of the statute of limitations, and the defendants' defense of qualified immunity. After Taylor has had a sufficient opportunity to conduct discovery into these matters, as determined by Judge Atkins, the defendants may re-file the motions for summary judgment if they choose. Judge Atkins will then set a schedule for further briefing and general discovery in this case if appropriate.

Unless otherwise ordered by the Court, however, the matter shall revert to the undersigned to hold the final pretrial conference and trial.

(5)  This matter is no longer referred to the pro se office.

This the 22nd day of September, 2010.

Signed By:
*Amul R. Thapar* AT
United States District Judge